IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARELLE LODER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-CV-979-WKW |
| | ) | [WO] |
| STEVEN L. REED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs Charelle Loder and Jack Doe hope to marry.

They filed this lawsuit to challenge an alleged policy and practice of Defendant Steven Reed, the probate judge of Montgomery County, regarding marriage licenses. According to the amended complaint, Judge Reed will not issue a marriage license to a couple unless both of them can provide proof of lawful immigration status. Because Mr. Doe cannot meet that requirement, he and Ms. Loder believe they cannot wed. (That belief is unsupported, however, by a failed attempt to obtain a license from Judge Reed.)

Judge Reed moves to dismiss, and his motion is due to be granted.

## I. JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. §§ 1331, 1343, and 2201–02. Personal jurisdiction and venue are uncontested.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction.  *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); Fed. R. Civ. P. 12(b)(1).  In a facial attack, the court examines whether the complaint "sufficiently allege[s] a basis of subject matter jurisdiction."  *Id.*  As when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, on a Rule 12(b)(1) facial attack the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded facts in the complaint as true.  *Id.*

## III.  FACTUAL BACKGROUND

Plaintiffs Charelle Loder and her fiancé Jack Doe want to get married.  But they do not think Defendant Steven L. Reed, the probate judge of Montgomery County, will allow it.  According to the complaint, Judge Reed's office has a policy of denying marriage licenses to couples when one or both would-be spouses lack proof of legal presence in the United States.  That means Mr. Doe, a Haitian national who lacks proof of legal presence in this country, cannot get a marriage license in Montgomery County.

But Judge Reed says he is willing to issue a marriage license to Ms. Loder and Mr. Doe – all they have to do is submit a proper application.  Judge Reed denies that

his office requires proof of immigration status before it issues marriage licenses, and he says Ms. Loder and Mr. Doe would know that if they had applied for one.

Judge Reed moves to dismiss the claims against him for lack of standing.

## IV. DISCUSSION

Although the parties disagree on quite a few points of law and fact, the court will only address one: Judge Reed says Ms. Loder and Mr. Doe lack standing to sue him for refusing to issue them a marriage license because they never applied for one in the first place.

And he is right. Federal courts are only empowered to decide "cases" and "controversies." U.S. Const. art. III, § 2. At an irreducible constitutional minimum, that means a plaintiff cannot maintain a lawsuit in federal court unless she can show, among other things, that she has "suffered an injury in fact." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (quotations omitted). In the context of lawsuits challenging official policies, that means a plaintiff must "submit to the challenged policy before pursuing an action to dispute it." *Davis v. Tarrant Cnty.*, 565 F.3d 214, 220 (5th Cir. 2009); *see also Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166–71 (1972) (holding that a plaintiff who had never applied for membership lacked standing to challenge fraternal organization's discriminatory membership policies). All this to say, Ms. Loder and Mr. Doe must actually apply for

a marriage license before they can sue Judge Reed for denying their application; otherwise, they have not suffered an injury in fact.

The amended complaint does not allege that Ms. Loder and Mr. Doe applied for a marriage license, and they admit they have not. They argue instead that they should not have to apply because application would be futile.

That argument has worked once before during this litigation. When Plaintiffs filed this lawsuit, Judge McKinney (Judge Reed's predecessor, and the original named defendant) had an official policy of requiring non-citizens who wanted a marriage license to "provide proof of legal presence in the United States." (Doc. # 1 ¶ 44.) Under that policy, the court concluded that Ms. Loder and Mr. Doe had "adequately pleaded that applying for marriage licenses would have been a futile gesture and ha[d] sufficiently demonstrated that the failure to apply should be properly excused." (Doc. # 32 at 12.)

That conclusion, however, was "[b]ased on the plain reading of [Judge McKinney's] policy." (Doc. # 32 at 12.) That policy has since been repealed, and its language is nowhere to be found in the amended complaint. The basis of the court's ruling on the first motion to dismiss has no bearing here, and the amended complaint (the one Judge Reed now moves to dismiss) is notably devoid of any facts that suggest

4

application for a marriage license would be futile.[1]

If Ms. Loder and Mr. Doe apply for a marriage license and are denied one because Mr. Doe lacks proof of lawful presence in the United States, they might have a federal cause of action. Until then, and absent any factual allegations demonstrating the futility of such an application, they have not suffered an injury in fact fairly attributable to Judge Reed.

## V. CONCLUSION

It is therefore ORDERED that Judge Reed's motion to dismiss (Doc. # 59) is GRANTED and that the claims of Plaintiffs Charelle Loder and Jack Doe are DISMISSED for lack of standing.

This order does not affect the claims Plaintiffs Julie and Jonathan Doe have against Defendant Leon Archer, the Probate Judge of Tallapoosa County.

DONE this 11th day of June, 2013.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The amended complaint does allege, without elaboration, that "[i]t would be futile for Plaintiffs Charelle Loder and Jack Doe to request a marriage license in Montgomery County." (Doc. # 51 ¶ 57.) But that statement amounts to little more than a legal conclusion, one that finds no support in any of the amended complaint's factual allegations.